FILED
SUPERIOR COURT
OF GUAM

2021 JUL 12 PM 3: 59

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **KENICHIRO TSUJI,** | **CIVIL CASE NO. CV0224-16** |
| **Plaintiff,** | |
| **vs.** | |
| | **DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE** |
| **GOVERNMENT OF GUAM,** | |
| **Defendants.** | |

This matter is before the Honorable Dana A. Gutierrez due to the filing of a Motion to Dismiss for Failure to Prosecute by Defendant Government of Guam ("Defendant") on March 8, 2021. Defendant is represented by the Office of the Attorney General and Plaintiff Kenichiro Tsuji ("Plaintiff") is represented by Attorney William Gavras. Upon a review of the pleadings and in light of applicable law, the Court hereby **GRANTS** Defendant's Motion to Dismiss for Failure to Prosecute ("Motion to Dismiss").

### BACKGROUND

The instant case arises out of a Complaint for Damages for Premises Liability Negligence; Direct Action Damages ("Complaint") filed by Plaintiff on March 11, 2016. On March 28, 2016, the Honorable Michael J. Bordallo issued a CVR 16.1 Form 1 addressed to the parties. On May 24, 2016, the Plaintiff attended a Scheduling Conference where the Court ordered Plaintiff to serve the Complaint.

On May 25, 2016, Plaintiff filed a Declaration of Service indicating that he served

Defendant with the Summons and Complaint. Defendant filed an Answer to the Complaint on July 25, 2016. Nothing further occurred in this matter until the case was reassigned to the Honorable Dana A. Gutierrez on December 30, 2020. On February 5, 2021, the Court issued a second CVR 16.1 Form 1. The parties did not respond to the CVR 16.1 Form 1.

On March 8, 2021, Defendant filed the instant Motion to Dismiss for Failure to Prosecute as well as a CVR 7.1 Form 1 setting the deadline for oppositions as April 5, 2021. As of the date of this Decision and Order, Plaintiff has not filed anything in response or in opposition to the Motion to Dismiss. As the time for filing an opposition has lapsed, no opposition was filed, and the Court did not schedule the matter for oral argument, the Motion to Dismiss was deemed under advisement pursuant to CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam.

## DISCUSSION

Rule 41(b) of the Guam Rules of Civil Procedure ("GRCP") authorizes the Court to dismiss an action for the Plaintiff's failure to prosecute to prevent undue delay or congestion of the courts. "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." GRCP 41(b).

The Guam Supreme Court has adopted a list of five factors that the Court must take into account in considering whether to dismiss an action: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Park v. Kawashima*, 2010 Guam 10 ¶ 10. "Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal." *Id.*

2

The burden is on the plaintiff to show the delay is reasonable and that the defendant is not prejudiced by the delay. *Id.* at ¶ 11. If a reasonable excuse exists for the plaintiff's delay, the defendant would then have the burden to demonstrate prejudice. *Id.* The Supreme Court "give[s] deference to the trial court in determining the reasonableness of the delay 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" *Id.*

### I. The Public's Interest In Expeditious Resolution of Litigation and the Court's Need To Manage Its Docket.

The first two factors may be considered together. *Park*, 2010 Guam 10 ¶ 13. When analyzing these first two factors, "the court must determine if the plaintiff 'failed in [its] obligation to reasonably move the case forward, taking into consideration the length and reasons for the delay." *United Pac. Islanders' Corp. v. Cyfred*, 2017 Guam 6 ¶ 27. A delay may be unreasonable if there is a significant period of total inactivity by the plaintiff. *Guam Econ. Dev. Auth. v. Affordable Home Builders, Inc.*, 2013 Guam 12 ¶ 11.

Here, Defendant asserts that there has been nearly five years of total inactivity by Plaintiff and that Plaintiff has not shown any indication that he intends to pursue this case further. Motion to Dismiss, at 4. The Court agrees. With regard to scheduling, pursuant to the court-issued Scheduling Notice, Plaintiff is required to "take the lead in the preparation of the Scheduling Order." Two CVR 16.1 Form 1 Scheduling Notices have been issued by this Court—on March 28, 2016 and February 5, 2021—however, Plaintiff has filed nothing in response. Further, Plaintiff did not file anything in response to Defendant's Motion to Dismiss. In fact, Plaintiff has not made any appearance in the case since May 25, 2016 with the filing of a Declaration of Service. As such, Plaintiff's delay is unreasonable, and therefore, the first two factors weigh in favor of dismissal.

## II. Risk of Prejudice to Defendant.

Regarding the third factor, it is the Plaintiff's burden to show that Defendant is not prejudiced by the delay. *See Park*, 2010 Guam 10 ¶ 11. If the delay is found to be unreasonable, prejudice against the defendant is presumed. *Id.* at ¶ 21. As found above, Plaintiff's delay in prosecuting the case is unreasonable. Further, because Plaintiff has not responded to the Motion to Dismiss, Plaintiff has not met his burden of demonstrating that the Defendant is not prejudiced by the delay. Accordingly, prejudice to the Defendant is presumed, and the third factor weighs in favor of dismissal.

## III. Public Policy Favoring Disposition on the Merits.

The fourth factor "necessitates considering the public policy favoring disposition of a case on its merits which ordinarily weighs against dismissal." *Park*, 2010 Guam 10 ¶ 22. "Although public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, 'it must be weighed against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket.'" *Id.* "It is sufficient to demonstrate that the plaintiff has 'ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof.'" *Id.* at ¶ 23.

Here, Plaintiff ignored his responsibilities to the Court in prosecuting this case and because of the unreasonable delay, prejudice to the Defendant is presumed. The Plaintiff's failure to prosecute is evidenced by the over five year period of inactivity and lack of response to the court-issued scheduling notices and Defendant's Motion to Dismiss. Therefore, the public policy favoring disposition on the merits does not outweigh the first two factors which strongly weigh toward dismissal of the case.

## IV. Availability of Less Drastic Sanctions.

Lastly, regarding the fifth factor, although it is within the Court's authority to issue lesser

4

sanctions than dismissal, "the trial court is not required to impose lesser sanctions when the rules do not so provide, and when to do so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure." *Santos v. Carney*, 1997 Guam 4 ¶ 10. Here, based on the five years of inactivity and lack of response to court-issued documents, the Court finds that imposing lesser sanctions would condone neglect toward the Guam Rules of Civil Procedure and would promote further delay. As such, this factor weighs in favor of dismissal.

Weighing all the five factors above, Plaintiff failed to carry the burden of establishing the reasonableness of the delay in prosecution and failed to rebut the presumption of prejudice to the Defendant arising from the delay. Although public policy generally favors adjudication on the merits, the circumstances of this case warrant dismissal in accordance with Rule 41(b) of the GRCP.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion to Dismiss for Failure to Prosecute. As required by Rule 41(b) of the GRCP, this dismissal operates as an adjudication upon the merits, and the case is therefore **DISMISSED WITH PREJUDICE**.

SO ORDERED: _____JUL 1 2 2021_____

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
_____GATVRAS_____
_____AG_____
Date: _____ Time: 7/12/21
**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

5